# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PACIFIC WEST HEALTH MEDICAL CENTER INC. EMPLOYEES RETIREMENT TRUST, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FAIRFIELD GREENWICH GROUP, FAIRFIELD GREENWICH LIMITED, FAIRFIELD GREENWICH (BERMUDA) LTD., FAIRFIELD GREENWICH ADVISORS LLC, WALTER M. NOEL, JR., ANDRES PIEDRAHITA, JEFFREY TUCKER, BRIAN FRANCOUER, AMIT VIJVERGIYA, YANKO DELLAW SCHIAVA, PHILIP TOUB, LOURDES BARRENECHE, CORNELIS BOELE, MATTHEW C. BROWN, VIANNEY D'HENDECOURT, HAROLD GREISMAN, JACQUELINE HARARY, DAVID HORN, RICHARD LANDSBERGER, DAVID LIPTON, JULIA LUONGO, MARK MCKEEFRY, MARIA TERESA PULIDO MENDOZO, CHARLES MURPHY, SANTIAGO REYES, and ANDREW SMITH,<br><br>Defendants. | Civil Action No. 09 CV 00134 (UA) |

## DECLARATION OF ROBERT C. FINKEL IN SUPPORT
## OF TRO AND MOTION FOR PRELIMINARY INJUNCTION

ROBERT C. FINKEL, being admitted to practice law in the State of New York and before this Court, does hereby state, under the penalties of perjury, that:

1. I am a member of Wolf Popper LLP, attorneys for plaintiff in this Action. I make this Declaration upon my personal knowledge.

9730-0294 162694.1

2. Plaintiff is moving for expedited relief to maintain the status quo and avoid dissipation of assets required for permanent equitable relief in the form of recovery of fees, estimated in amounts as high as $1 billion, paid to the Defendants in error.

3. The action arises out of plaintiff's investment in Fairfield Sentry Limited ("Fairfield Sentry" or the "Fund"). Fairfield Sentry is an investment fund managed by the Fairfield Greenwich Group and its three corporate affiliates named as defendants. Also named as defendants are twenty-two partners, directors and senior officers of the corporate entities.

4. Investments in the Fund are made pursuant to a Private Placement Memorandum (the "PPM") (Exhibit A). According to that PPM defendants were paid placement fees equal to 3% of the amount of Class members' investments in the Fund, a monthly management fee equal to 0.833% of the net assets of the Fund as of the first of each month, and a performance fee of 20% of any net profits on a quarterly basis. Plaintiff believes that Defendants were paid management fees as recently as December 1, 2008 and performance fees as recently as October 1, 2008.

5. This Action seeks both money damages for the Class's out-of-pocket losses from investments in the Fund and specific performance for the benefit of the Class to recover the placement fees, management fees and performance fees (the "Fees") paid in error to the Defendants. The claim to recover the fees does not require proof of fault and will not cause any out-of-pocket injury to the Defendants. Rather, it will only ensure that Defendants do not profit from Madoff's fraud.

6. As of December 2008 the Fund reported $7.3 billion of net assets, all or substantially all of which were managed by Bernard L. Madoff. The Fund was been in existence

since 1990. Plaintiff estimates based on public information that the amount of Fees recoverable in this action will approximate $1 billion.

7. Plaintiff intends to move promptly for partial summary judgment on that claim. Whether Defendants owe damages for the Plaintiff and the Class's out-of-pocket damages in excess of those Fees would be subject to further proceedings in this action.

8. Plaintiffs' Motion for a TRO and Preliminary Injunction seeks emergency relief in support of the Class's equitable remedy of specific performance to recover the Fees paid by mutual mistake to the Defendants, as follows:

    a. An accounting of the assets and liabilities of the Fund.

    b. An Order restraining Defendants from dissipating the assets of the Fund, absent Court Order, pending the determination of this Action.

    c. An accounting of the Fees paid to the Defendants arising out their management of the Fund.

    d. An Order restraining Defendants from dissipating any of their personal or corporate assets absent the Defendants posting adequate security for the amount of the Fees in issue.

9. I advised Mark Cunha from Simpson Thacher (counsel for the four corporate entities) and Glenn Kurtz of White & Case (counsel for defendant Noel) on Thursday, January 8, 2009 of the filing of this action and our intention to seek injunctive relief. It is my understanding that each of them is available for a conference with respect to the TRO at Your Honor's convenience.

10. Plaintiff is in the process of serving the complaint and the motion for a TRO and preliminary injunction on the other defendants or their counsel.

11. Annexed as Exhibit B are proposed interrogatories and document requests that Plaintiff respectfully requests the Court order Defendants to respond to on an expedited basis.

12. There has been no prior request for the relief sought herein.

Dated: January 9, 2009                                     __s/Robert C. Finkel__

9730-0294 162694.1