UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANWAR et al.

    Plaintiffs,

- against -

FAIRFIELD GREENWICH LIMITED et al.

    Defendants.

Consolidated Case
Docket No. 09 CV 00118 (VM)

<u>JURY TRIAL DEMANDED</u>

---

## **CONSOLIDATION ORDER AND ORDER FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL**

**WHEREAS**, two separate actions previously pending in this Court, the first encaptioned action being *Pasha S. Anwar and Julia Anwar v. Fairfield Greenwich Group, Fairfield Greenwich Limited, A Cayman Islands Company, Fairfield Greenwich (Bermuda) Ltd., Fairfield Greenwich Advisors LLC, Walter M. Noel, Jr., Andres Piedrahita, Jeffrey Tucker, Brian Francouer, and Amit Vijayvergiya,* 09 CV 00118 (VM) and the second encaptioned action being *Pacific West Health Medical Center Inc. Employees Retirement Trust v. Fairfield Greenwich Group, Fairfield Greenwich Limited, Fairfield Greenwich (Bermuda) Ltd., Fairfield Greenwich Advisors LLC, Walter M. Noel, Jr., Andres Piedrahita, Jeffrey Tucker, Brian Francouer, Amit Vijvergiya, Yanko Dellaw Schiava, Philip Toub, Lourdes Barreneche, Cornelis Boele, Matthew C. Brown, Vianney D'Hendecourt, Harold Greisman, Jacqueline Harary, David Horn, Richard Landsberger, David Lipton, Julia Luongo, Mark McKeefry, Maria Teresa Pulido Mendozo, Charles Murphy, Santiago Reyes, and Andrew Smith,* 09 CV 00134 (UA) have been consolidated

under the caption *Anwar et al. v. Fairfield Greenwich Limited et al.,* Docket No. 09 CV 00118 by this Court's order dated January 14, 2009 (hereinafter the "*Anwar* Consolidated Action");

**WHEREAS,** a third action encaptioned *Inter-American Trust, Elvira 1950 Trust, Carlos Gauch, and Bonaire Limited, on behalf of themselves and all others similarly situated. Fairfield Greenwich Limited, et al.,* Docket No. 09 CV 00301 (the "*InterAmerican action*") also has been consolidated with the Anwar Consolidated Action by this Court's order dated January 23, 2009;

**WHEREAS,** to promote judicial economy and avoid duplication, the Court finds that it would be appropriate to consolidate with the Anwar Consolidated Action any additional related actions filed in or transferred to this Court after the date of this Order ("Consolidated Action") for pre-trial and trial purposes and also to provide for an organization of Plaintiffs' counsel to coordinate the efforts of counsel in the Consolidated Action;

**ACCORDINGLY,** after considering Plaintiffs' Memorandum of Law In Support of Motion For Consolidation, and Appointment of Interim Co-Lead Counsel, and for good cause shown,

**IT IS HEREBY ORDERED** as follows:

## I.  CONSOLIDATION OF ACTIONS

1. The *Anwar* Consolidated Action and those of a like nature that may be consolidated with them in the future shall be consolidated and collectively referred to as "*Anwar et al. v. Fairfield Greenwich Group et al., Litigation,* Docket No. 09 CV 00118; Master File No. 09 CV 0118 (VM) (the "Consolidated Action").

2. This Order is made without prejudice to the right of any party to apply for appropriate relief in, or with respect to, the Consolidated Action.

## II.  MASTER DOCKET AND FILE FOR THE CONSOLIDATED ACTIONS

3. A Master Docket and Master File are hereby established for the proceedings both in the actions already consolidated herein and in all other cases subsequently consolidated herewith. The Master File shall be Civil Action No. 09 CV 0118 (VM). When a pleading is filed and the caption, pursuant to Section VI, *infra*, shows that it is to be applicable to "All Actions," it shall be filed by that party, or by the Clerk, in the Master File and it shall not be necessary to file such document in any of the constituent actions consolidated into the Consolidated Action.

4. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall transfer all files pertaining to any related actions filed subsequent to the date of this Order to the Master File and unless otherwise ordered, shall close any separate files opened for these consolidated actions, and shall mail or otherwise serve a copy of this Order to counsel of record in each of the consolidated cases.

## III. NEWLY FILED OR TRANSFERRED ACTIONS

5. When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

    a. Mail or otherwise serve a copy of the Order of Assignment to counsel for Plaintiffs and counsel for each Defendant in the actions consolidated herewith.

    b. Make an appropriate entry in the Master Docket.

    c. Mail to or otherwise serve the attorneys for the Plaintiff(s) in the newly-filed or transferred case a copy of this Order.

    d. Upon the first appearance of any new Defendant(s) mail to or otherwise serve the attorneys for the Defendant(s) in such newly filed or transferred case a copy of this Order.

6. Counsel for Plaintiffs and Defendants in the Consolidated Action shall cooperate in calling to the attention of the Clerk any newly filed or transferred case.

### IV. APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES

7. This Order shall apply to each case alleging claims similar to those set forth in these consolidated actions, which is filed in or transferred to this Court after the date of this Order, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Clerk mails or otherwise serves a copy of this Order to counsel for that party.

### V. CAPTIONS OF CASES

8. Every pleading filed in these consolidated actions shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANWAR *et al.* v. FAIRFIELD GREENWICH LIMITED, et. al. | MASTER FILE NO. 09-CV-0118 (VM) |
| This Document Relates To: All Actions | |

9. When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words, "This Document Relates To:" in the caption set out above.

### VI. FILING AND DOCKETING

10. When a paper is filed and the caption, pursuant to Section V above, shows that it is to be applicable to "All Actions," the party making such filing, or the Clerk, shall file such paper in the Master File. No further papers need be filed or docket entries made.

4

## VII.   ORGANIZATION OF COUNSEL

12. Pursuant to Fed. R. Civ. P. 23 (g)(3), the Court designates Lovell Stewart Halebian LLP, Wolf Popper LLP and Boies, Schiller & Flexner LLP as Interim Co-Lead Counsel to act on behalf of all Plaintiffs in the consolidated cases, with the responsibilities hereinafter described.

13. The Court appoints Lovell Stewart Halebian LLP to be responsible for ensuring that orders of the Court are served on all counsel; communicating with the Court on behalf of all counsel in each case as to scheduling matters; and for maintaining a master service list of all parties and their respective counsel.

14. Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs: (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the initiation and coordination of Plaintiffs' pretrial activities and plan for trial, including but not limited to the scope, order and conduct of all discovery proceedings and of all trial and post-trial proceedings; (c) the delegation of work assignments to other Plaintiffs' counsel and arranging meetings of Plaintiffs' counsel as they may deem appropriate; (d) designation of which attorneys may appear at hearings and conferences with the Court; (e) the retention of experts; (f) the timing and substance of any settlement negotiations with Defendants; and (g) other matters concerning the prosecution and/or resolution of the consolidated actions.

15. Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel in their respective cases.

16. Interim Co-Lead Counsel is authorized to create committees of Plaintiffs' counsel as it deems appropriate for the efficient prosecution of this action. Any such committee shall operate under the direct supervision of Interim Co-Lead Counsel.

17. Subject to any restrictions agreed upon or set forth in a protective order, all discovery obtained by any Plaintiff in these cases may be shared with any other Plaintiff. All discovery obtained by any Defendant in these cases shall be deemed discovered in each of these cases.

18. All counsel shall make best efforts to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. Interim Co-Lead Counsel shall ensure that schedules are met and unnecessary expenditures of time and funds are avoided, including the avoidance of unnecessary or duplicative communications among plaintiffs' counsel. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action, or as to which there is a genuine and substantial disagreement among counsel.

19. Nothing herein shall limit the requirements on Plaintiffs and Plaintiffs' counsel set forth in Fed. R. Civ. P. 23, or affect whether any of the current actions should be certified as a class action, whether Plaintiffs are adequate representatives of any class that may be certified, or whether Plaintiffs' counsel are adequate counsel for any such class.

## VIII. **TIME RECORDS**

20. All Plaintiffs' counsel shall keep contemporaneous time records and shall periodically submit summaries or other records of time and expenses incurred by their respective firms to Interim Co-Lead Counsel in such manner as Interim Co-Lead Counsel shall require. Failure to provide such documents and/or data on a timely basis may result in the Court's not considering non-compliant counsel's application for fees and expenses should this litigation be

resolved successfully for Plaintiffs.

**SO ORDERED:**

_____
VICTOR MARRERO
U.S.D.J.

Dated: 3 0 January , 2009