

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ANWAR, et al.,

      Plaintiffs,

v.

                                    MASTER FILE

                                    09-CIV-0118 (VM)(THK)

FAIRFIELD GREENWICH LIMITED, et al.,

      Defendants.

This Document Relates To: All Actions

_____

## [PROPOSED] INITIAL SCHEDULING ORDER
## REGARDING STANDARD CHARTERED CASES

In accordance with the undersigned Magistrate Judge's instruction during the

telephone conference held on December 21, 2009, counsel for plaintiffs in the actions

listed immediately below (collectively, the "Standard Chartered Cases" and the plaintiffs

the "Standard Chartered Plaintiffs"), and counsel for defendants Standard Chartered

Bank, Standard Chartered PLC, Standard Chartered International (USA) Ltd., and

Standard Chartered Bank International (Americas) Ltd. (collectively, the "Standard

Chartered Defendants") have consulted and agreed upon the following proposed schedule

regarding pre-answer motions, answers, initial disclosures, and commencement of

discovery.

The Standard Chartered Cases as defined above are as follows: (i) *Bhatia v.*

*Standard Chartered International (USA) Ltd., et al.,* No. 09-CV-2410 (S.D.N.Y.)

("*Bhatia*"), consolidated for pretrial purposes with *Anwar v. Fairfield Greenwich ltd.*, No. 09-CV-0118 (S.D.N.Y.); (ii) *Tradewaves Ltd. v. Standard Chartered International (USA) Ltd., et al.*, No. 09-CV-9423 (S.D.N.Y.) ("*Tradewaves*"), consolidated for pretrial purposes with *Anwar*; and (iii) *Headway Investment Corporation v. American Express Bank Ltd, et al.*, No. 09-CV-21395 (S.D. Fla.), consolidated for pretrial purposes with *Anwar*.[1]

Accordingly, it is ORDERED as follows:

1. **By February 5, 2010, or 5 days following entry of an order by the JPML on the transfer of the CTO-1 actions, whichever is later,** the Standard Chartered Plaintiffs (which term shall be defined to include the plaintiffs in the CTO-1 Actions if they are transferred by the JPML to this Court) shall provide to counsel for the Standard Chartered Defendants a list of common legal issues arising from their claims

---

[1] The following three actions have been conditionally transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") and are now the subject of pending motions to vacate: *Maridom Ltd. v. Standard Chartered International (Americas) Ltd.*, No. 09-CV-22868 (S.D. Fla.), *Lopez v. Standard Chartered International (Americas) Ltd.*, No. 09-CV-22451 (S.D. Fla.), and *Valladolid v. American Express Bank Ltd.*, No. 09-CV-06937 (C.D. Cal.). (The three actions shall be referred to herein as the "CTO-1 Actions".). Counsel for plaintiffs in the CTO-1 actions have been consulted by respective counsel for *Bhatia, Tradewaves,* and *Headway* on the subject of this proposed Initial Scheduling Order. Plaintiffs in the CTO-1 actions are contesting and intend vigorously to contest the transfer of these actions to this Court, and while their counsel are participating in discussions concerning the procedures that should be applied to actions against the Standard Chartered Defendants, they are doing so without waiving any objections to transfer. A decision by the Panel is expected on or shortly after January 27, 2010. If the Panel transfers these actions to this Court, plaintiffs in the CTO-1 Actions have authorized the Standard Chartered Plaintiffs to inform the Court through means of this proposed Order that they would be in agreement with the terms of this proposed Initial Scheduling Order were their actions transferred to this Court, with this exception: Plaintiff Valladolid asserts that defendants should list what legal issues they intend to raise against the operative complaints. From this list, common and separate issues will be apparent. Plaintiff Valladolid is otherwise agreeable to the proposed schedule.

against the Standard Chartered Defendants in the Standard Chartered Cases (which term

shall be defined to include the CTO-1 Actions if they are transferred to this Court). The

purpose of this list shall be to assist the parties in preparing and responding to unified

motions to dismiss, as set forth in paragraph 2. Nothing herein shall be construed to

affect the application of Fed. R. Civ. P. 12(g) to any motion filed by the Standard

Chartered Defendants or to affect the obligation of the Standard Chartered Defendants to

answer or otherwise move with respect to all claims raised in a particular complaint. The

list of common legal issues shall not be construed to amend or supersede the allegations

set forth in each individual complaint filed by a Standard Chartered Plaintiff, which shall

remain the operative pleading of each such plaintiff.

2. **By March 5, 2010, or 35 days following entry of an order by the**

**JPML on the transfer of the CTO-1 actions, whichever is later,** the Standard

Chartered Defendants shall answer, move or otherwise respond to each individual

complaint in the Standard Chartered Cases. The Standard Chartered Defendants may file

and serve two unified motions, as described below. One motion may address claims

raised in all of the Standard Chartered Cases other than *Bhatia* and *Tradewaves*, and its

accompanying memorandum of law shall not exceed 75 pages. A second motion may

address claims raised in *Bhatia* and *Tradewaves* only and its accompanying

memorandum of law shall not exceed 50 pages. Nothing herein shall prohibit the

Standard Chartered Defendants from including in its motions and the memoranda of law

in support thereof any common legal issues not listed by the Standard Chartered

Plaintiffs.

3.      **By April 19, 2010, or no later than 45 days following the filing and**

**service of any motion to dismiss, whichever is later,** the Standard Chartered Plaintiffs

shall file and serve responses to any motion filed by the Standard Chartered Defendants.

In response to any unified motions, (i) the Standard Chartered Plaintiffs, other than the

*Bhatia* and *Tradewaves* plaintiffs, shall file a single coordinated opposition

memorandum, not to exceed 75 pages, and (ii) the *Bhatia* and *Tradewaves* plaintiffs shall

file a single opposition memorandum, not to exceed 50 pages.

4.      **By May 19, 2010, or no later than 30 days following the filing and**

**service of opposition briefs, whichever is later,** the Standard Chartered Defendants

shall file and serve a reply memorandum to each opposing memorandum. Each reply

memorandum shall not exceed 25 pages.

5.      In any Standard Chartered Case in which the Standard Chartered

Defendants have moved against the complaint, the Standard Chartered Defendants shall

file and serve an answer within 30 days of the disposition of an order by this Court

denying the Standard Chartered Defendants' motion or, in the event the Standard

Chartered Defendants' motion is granted in part with leave to amend and plaintiffs elect

not to amend the complaint, within 30 days of the date on which the time to amend has

expired. Notwithstanding the foregoing, the time to answer may be enlarged during the

pendency of any motion for reconsideration of an order denying the Standard Chartered

Defendants' motion, or interlocutory appeal therefrom, if such enlargement is granted by

this Court or the Court of Appeals upon timely application by the Standard Chartered

Defendants. At that time of answering, the Standard Chartered Defendants and the

plaintiffs in any case in which an answer is being filed shall also provide initial

4

disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Further, 30 days after the filing and service of such answer and disclosures, the parties to such a complaint shall be entitled to commence discovery. During such 30 day period, the Standard Chartered Plaintiffs and the Standard Chartered Defendants shall meet and confer on a proposed discovery order and, in the absence of agreement, shall ask this Court for a scheduling conference. Nothing herein is intended to preclude the Standard Chartered Defendants from moving against any amended pleading, and the Standard Chartered Defendants shall answer or otherwise move against any amended pleading within 30 days of its service.

7.     Unless otherwise ordered by the Court, pending final disposition on any motions identified in paragraph 2 above, the Standard Chartered Defendants (and any affiliates) shall not be required to answer, move or otherwise respond in any case that (i) contains claims and factual allegations similar to those alleged in the Standard Chartered Cases, and (ii) is filed in or transferred to this Court after the date specified in paragraph 1 above.

8.     Following the resolution of any motions to dismiss identified in paragraph 2 above, the Standard Chartered Defendants and the plaintiffs in any later-filed or -transferred cases (i.e., those cases described in paragraph 6 above) shall meet and confer to set an agreeable schedule for further proceedings.

**SO ORDERED** this 29th day of _____January_____, 2010

_____
UNITED STATES MAGISTRATE JUDGE

*All issues related to the commencement of pretrial discovery are reserved until the resolution of the motions to dismiss.*

5